UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELISSA DIANE LAPOINTE,

       Plaintiff,

v.                                       CASE NO:  8:15-cv-1402-T-26EAJ

BANK OF AMERICA, N.A.,

       Defendant.
_____/

**O R D E R**

**THIS CAUSE** comes before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss Class Action Complaint and Supporting Memorandum of Law (Dkt. 21) and Plaintiff's Memorandum in Response (Dkt. 24).

Count I of the Complaint alleges Defendant violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, because its communications were: (1) willful and could be expected to harass Plaintiff; (2) an attempt to collect a debt that was not a legitimate debt, in violation of § 559.72(9); and (3) a communication with a represented debtor, in violation of § 559.72(18).  (Dkt. 1, ¶¶ 94-100.)  Count II alleges that Defendant's attempts to collect the discharged mortgage debt violated the discharge injunction and requests that the Court exercise its equitable powers under 11 U.S.C. § 105(a) to enforce the discharge injunction, grant monetary relief, and enjoin Defendant from violating the discharge injunction.  (Id. at ¶¶ 102-09.)  Defendant seeks dismissal of the Complaint for failure to state a claim on which relief can be

granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Defendant asserts that Plaintiff fails to allege facts to support her claims as a matter of law, that her FCCPA claims are preempted by the Bankruptcy Code, and that Plaintiff cannot state a class action claim for an alleged violation of a single discharge order because the Bankruptcy Code does not provide a private right of action under § 524; instead, the exclusive remedy is a motion for contempt.

In determining whether to grant a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court shall not dismiss a complaint if it includes "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In Twombly, the Supreme Court determined that the plaintiffs "ha[d] not nudged their claims across the line from conceivable to plausible[.]"). Id. The Court also must take the well-pled facts of the complaint as true and construe those facts favorably to the plaintiff. See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, (citations omitted), a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65. To survive a motion to dismiss under Twombly, a complaint's factual allegations, if assumed to be true, "must be enough to raise the right to relief

above the speculative level." <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1965.  In light of the <u>Twombly</u> standard, the motion to dismiss is due to be denied.

The Complaint asserts that Defendant was neither entitled nor required to attempt to collect the mortgage debt from Plaintiff.  Plaintiff alleges that all of Defendant's communications pertained to property that she had surrendered and no longer lived in and that they constituted wrongful attempts to collect on a discharged mortgage debt.  (<u>See</u> Dkt. 1, Exs. B, C, D, E, F, H, J, K, L, M, N.)  Plaintiff's personal liability on the mortgage debt had been fully discharged in the bankruptcy proceeding.  (Dkt. 1, ¶ 43.)  Defendant even acknowledges that any personal liability that Plaintiff had on the mortgage was extinguished by her bankruptcy discharge.  ( Dkt. 21, p. 7.)

As Plaintiff argues, Defendant's reliance on the 11 U.S.C. § 524(j) "safe harbor" provision for its contention that it was "entitled" to communicate with Plaintiff, (Dkt. 21, pp. 8-9), is misplaced.  The provision applies only where the secured property is the debtor's principal residence.  <u>See</u> <u>In re Lemieux</u>, 520 B.R. 361, 368-69 (Bankr. D. Mass. 2014).  Defendant was aware that Plaintiff had surrendered the property.  Defendant also mistakenly relies on 12 C.F.R. § 1024.39 and the commentary to that rule to assert that it was required to provide information on "loss mitigation options" to Plaintiff.  (Dkt. 21, p. 10.)  However, inasmuch as Plaintiff's personal liability on the mortgage debt had been fully discharged in the bankruptcy proceeding, Defendant had no obligation under § 1024.39 even if it had been within the time period for notices under that rule.

The Court also agrees that Defendant's disclaimers do not insulate it from liability for its collection attempts on a discharged debt, especially when coupled with requests for payment or statements of a past due amount. Many of the disclaimers on which Defendant relies are in tiny inconspicuous print. (Dkt. 1, Exs. D, E, K, L.) Several letters were accompanied by payment coupons with payment amounts, due dates, and payment instructions. (Id. at Exs. D, E, K.) Further, some of Defendant's communications did not even contain a disclaimer. (Id. at Exs. B, M, N.)

In addition, the Court is not convinced that no private right of action exists for violation of a discharge order. As asserted by Plaintiff, in Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439 (1st Cir. 2000), the plaintiff asserted a class action claim in district court for violation of the discharge injunction. Id. at 442. As here, the defendant in Bessette argued that the plaintiff in that case could not assert a private right of action for violation of § 524, and that the "proper remedy for a § 524 violation is contempt." Id. at 444. The First Circuit stated that it need not decide whether a private right of action existed because "a remedy is readily and expressly available through another section of the Bankruptcy Code, namely, § 105(a)." Id.; see also, In re Cano, 410 B.R. 506, 537 (Bankr. S.D. Tex. 2009) ("The 'private right of action' argument is a red herring.... There is a distinct difference between asking the Court to create a private right of action out of a statutory provision based on conduct that allegedly violated that statutory provision, and asking the court to enforce a court order through a statutory provision that expressly

authorizes courts to issue any orders or judgments necessary to enforce court orders and Code provisions, based on conduct that violated Code provisions incorporated by a court order."). Accordingly, the court found that the plaintiff was not limited to bringing a contempt proceeding. Id. at 230 F.3d at 445-46. Moreover, the court stated that the claim could be litigated as a class action, in either district or bankruptcy court. Id. at 446.

Further, Plaintiff sufficiently states a claim for violation of the FCCPA in three respects: that Defendant's communications could reasonably be expected to harass Plaintiff, in violation of §559.72(7); that they were an attempt to collect a debt that was not owed, in violation of §559.72(9); and that they were contact with a represented debtor, in violation of §559.72(18). (Dkt. 1, ¶¶ 94-100.) Plaintiff asserts that because she had gone through a bankruptcy in which the debt was discharged, however, repeatedly and frequently contacting her in an attempt to collect a debt she no longer owes is harassing and abusive. Plaintiff alleges that by virtue of the bankruptcy discharge, Defendant did not have the right to seek to collect that amount from her.

Plaintiff also sufficiently states a claim under § 559.72(18) because Defendant communicated with her knowing she was represented by counsel. Paragraph 46 of the Complaint alleges that Defendant had "actual knowledge that Plaintiff was represented by an attorney with respect to the debt." (Dkt. 1, ¶ 46.) The mortgage debt at issue was listed in Plaintiff's bankruptcy schedules and the property secured by that debt was surrendered in the bankruptcy case. (Dkt. 1, Ex. A.) The mortgage debt was then

discharged in the proceeding in which Defendant knew Plaintiff was represented.  (Id. ¶ 43.)  The discharge occurred only one month before Defendant began its collection efforts.  Defendant was, therefore, on notice that Plaintiff was represented in connection with that debt.

Finally, the Court is not convinced that Plaintiff's FCCPA claim is preempted by the Bankruptcy Code.  As Plaintiff asserts, numerous courts have held that claims based on conduct after bankruptcy proceedings under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692, *et seq.*, or similar state consumer protection statutes such as the FCCPA, are not preempted by the Bankruptcy Code.  Hernandez v. Dyck-O'Neal, Inc., 2015 WL 2094263, at *3-4 (M.D. Fla. 2015) (holding that an FCCPA claim based on "collection activity … outside the bankruptcy process" was not preempted); Evans v. Midland Funding LLC, 574 F. Supp. 2d 808, 817 (S.D. Ohio 2008) (holding that FDCPA and Ohio consumer protection statutory claims based on attempt to collect discharged debt were not pre-empted); Molloy v. Primus Auto. Fin. Servs., 247 B.R. 804, 820-21 (C.D. Cal. 2000) (holding that an FDCPA claim based on an attempt to collect discharged debt was not preempted); Wagner v. Ocwen Federal Bank, 2000 WL 1382222, at *1-2 (N.D. Ill. 2000) (same); see also, In re Eastman, 419 B.R. 711, 726-31 (Bankr. W.D. Tex. 2009) (holding that the plaintiff established claims under FDCPA and Texas consumer protection statute based on defendant's attempts to collect discharged debt). Molloy explained the "critical difference" between a post-bankruptcy case involving an attempt

to collect a discharged debt and cases involving "allegations of misconduct during the bankruptcy proceedings themselves." 247 B.R. at 820.  With respect to the latter, "allowing a bankrupt debtor to assert an FDCPA claim could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate." Id.  In Molloy, however, as here, the plaintiff's claim was based on "alleged debt collection activities outside of and in disregard of the bankruptcy proceeding," and the plaintiff had been "discharged from her bankruptcy, so there [was] no danger that allowing her to bring a claim under the FDCPA would interfere with the administration of her bankruptcy." Id. at 820-21.  The Molloy court stated "a debtor who has been discharged is still in need of and entitled to [the FDCPA's] protection." Id. at 821.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's Motion to Dismiss (Dkt. 21) is **DENIED**.  Defendant shall file its answer and defenses to the Complaint within fourteen (14) days of this Order.

**DONE AND ORDERED** at Tampa, Florida, on August 26, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record