## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELISSA DIANE LAPOINTE,

               Plaintiff,

v.                                        CASE NO. 8:15-cv-1402-T-26EAJ

BANK OF AMERICA, N.A.,

               Defendant.

_____/

## O R D E R

**THIS CAUSE** comes before the Court on Plaintiff Elissa Diane Lapointe's

Motion for Class Certification and Supporting Memorandum with exhibits (Dkt. 39),

Defendant Bank of America, N.A.'s Opposition and Incorporated Memorandum of Law

(Dkt. 42), and Plaintiff's Reply (Dkt. 55 ).

      The factual allegations in this case are straightforward.  Defendant is a national

bank doing business in Florida.  (Dkt. 1, ¶ 7.)  It was the lender on a mortgage taken out

by Plaintiff.  (Id. at ¶ 34.)  In May 2014, Plaintiff filed for bankruptcy and surrendered the

property that secured the mortgage.  (Id. at ¶¶ 37, 38.)  In August 2014, Plaintiff received

a bankruptcy discharge.  (Id. at ¶ 43.)  Defendant received notice of Plaintiff's bankruptcy

and her representation by an attorney.  (Id. at ¶¶ 40-45.)  After the discharge in

bankruptcy, Defendant sent Plaintiff a series of communications. (Dkt. 1 at ¶¶ 23-109 & Ex. B-N.)  Many other Florida consumers received similar communications.  (See Defendant's Supplemental Interrogatory Responses, Dkt. 39, Ex. 1, p. 3.)

In light of these factual allegations, Plaintiff alleges in count I of the complaint that Defendant violated the Florida Consumer Collection Practices Act (" the FCCPA"), Florida Statutes sections 559.55 *et seq.,* because the communications were willful and could be expected to harass Plaintiff in violation of section 559.72(7); were an attempt to collect a debt that was not a legitimate debt in violation of section 559.72(9); and were communications with a represented debtor in violation of section 559.72(18).  (Dkt. 1, ¶¶ 94-100.)  In count II, Plaintiff alleges that Defendant's attempts to collect the discharged mortgage debt violated the discharge injunction imposed pursuant to 11 U.S.C. § 524(a)(2) and requests that the Court exercise its equitable powers under 11 U.S.C. § 105(a) to enforce the discharge injunction and also grant monetary relief.  (Id. at ¶¶ 102-09.)

The FCCPA protects Florida "consumers from the illegal and/or unscrupulous practices of debt collectors and other persons."  Schauer v. Gen. Motors Acceptance Corp., 819 So. 2d 809, 811-12 (Fla. Dist. Ct. App. 2002).  To that end, the FCCPA "includes a list of prohibited collection practices that give rise to a private cause of action."  Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1124 (11th Cir. 2004).  In relevant part, section 559.72(7) prohibits any person collecting a debt from "willfully

-2-

engag[ing] in . . . conduct which can reasonably be expected to abuse or harass the debtor. . . ." Section 559.72(9), in part, prohibits any person collecting a debt from "assert[ing] the existence of some . . . legal right when such person knows that the right does not exist." Section 559.72(18) prohibits any person collecting a debt from communicating "with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt . . . ."

A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). As this Court recognized in its order denying the Defendant's Motion to Dismiss Class Action Complaint,[1] this Court has the statutory authority under § 105(a) to impose monetary sanctions on a party violating the discharge injunction based on the reasoning of Bessette v. Avco Fin. Serv., Inc., 230 F.3d 439 (1st Cir. 2000). See also Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1554 (11th Cir. 1996) (stating that "the plain meaning of § 105(a) encompasses *any* type of order, whether injunctive, compensative or punitive, so long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code.") (citation omitted) (emphasis in original).[2]

---

[1] See docket 28.

[2] The Court notes that Bessette cited Jove Eng'g as recognizing the authority of a district court, as opposed to a bankruptcy court, to dispose of a contempt action for violating the automatic stay provisions of the Bankruptcy Code. 230 F.3d at 445.

Plaintiff requests that the Court certify this case as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  She maintains that Defendant acted in a uniform way in violating discharge injunctions, based on its forms and policies, toward a class of similarly situated people and seeks to certify the following class:

> All individuals who: (1) filed a Chapter 7 or Chapter 13 bankruptcy in the Middle District of Florida, (2) surrendered their home in the bankruptcy proceedings, (3) obtained a discharge, and (4) after they received the discharge, received communications related to the discharged mortgage from or on behalf of Bank of America, N.A., on or after June 15, 2013.

There are four requirements for class certification under Rule 23(a):  (1) the class must be so numerous that joinder of all members is impracticable ("numerosity"); (2) there must be questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class ("typicality"); and (4) it must appear that the representative parties will fairly and adequately protect the interests of the class ("adequacy").  In addition, the proposed class must be maintainable under one of the provisions of Rule 23(b).  Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" ("predominance"); and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" ("superiority").

Defendant urges that class certification should be denied because:  (1) Plaintiff's class definition is impossibly vague and because she offers no plan to ascertain class

membership, which is not readily ascertainable; (2) no dispositive evidence can be applied to all putative class members and, instead, individual issues, including the disparate "mortgage-related communications" alleged, the individual circumstances of each mortgage account and borrower, and the individual circumstances of Defendant's defenses far outnumber any purported common issues and destroy commonality, predominance, and superiority; (3) Plaintiff does not and cannot present a manageable plan for trial of these disparate claims and circumstances, and her putative class action would lead to unmanageable and unfair mini-trials not contemplated by Rule 23; (4) Plaintiff's claims are not typical of, and conflict with, those of the putative class; and (5) Plaintiff is not an adequate class representative; and (6) Plaintiff has not even shown numerosity.  The Court disagrees and finds that Plaintiff sufficiently demonstrates that all requirements of subsection (a) and subsection (b)(3) are met here.

With regard to numerosity, "generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40," the numerosity requirement is satisfied. Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).  Defendant stipulated that the number of persons who:  (1) filed a Chapter 7 or Chapter 13 bankruptcy within the Middle District of Florida, (2) surrendered their home in the bankruptcy proceedings, (3) obtained a discharge in the two years before the filing of the Complaint, and (4) received communications from Defendant in its role as a lender and loan servicer, after they received a discharge, is more than 40.  (Dkt. 39, Ex. 1, p. 3.)  Furthermore, Plaintiff's

request is limited to those who received communications related to the discharged mortgage of the same general type as those attached to the Complaint, and did not include those who received unrelated communications such as privacy notices or advertisements. (Id. at 2.)  Therefore, the requirement of Rule 23(a)(1) is met.

The Eleventh Circuit has held that the commonality requirement of Rule 23(a)(2) is a "low hurdle' that is satisfied if the named plaintiff shares at least one question of fact or law with the prospective class. Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1356 (11th Cir. 2009).  "Not all factual or legal questions raised in the litigation need to be common, so long as at least one issue is common to all class members." Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 700 (M.D. Fla. 2000) (citation omitted).  "A sufficient nexus is established if the claim or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." Kornberg v. Carnival Cruise Lines, Inc., 741 F. 2d 1332, 1337 (11th Cir. 1984).  As Plaintiff argues, where a defendant has engaged in standardized practices in the course of attempting to collect a debt, federal courts have recently held that the commonality requirement is satisfied.  See, e.g., Simpson v. Safeguard Prop., LLC, 2015 WL 2193135, at *5 (N.D. Ill. May 7, 2015); Muzuco v. Re$ubmitIt, LLC, 297 F.R.D. 504, 515 (S.D. Fla. 2013).

Defendant does not dispute that it had communications with Plaintiff after she had surrendered her home and received a bankruptcy discharge.  As alleged by Plaintiff, the

-6-

members of the class would be in the same circumstances.  The legal issues shared by the class members include whether sending those communications violated the FCCPA because it was conduct that could be expected to harass a debtor in violation of section 559.72(7); or that it was an attempt to collect a debt that was not a legitimate debt in violation of section 559.72(9); or whether sending such a communication post-bankruptcy violates the prohibition against communicating with a represented debtor in violation of section 559.72(18).  Likewise, the class members share the legal issue of whether post-discharge communications with debtors relating to a discharged mortgage on property they have surrendered violate the discharge injunction of § 524(a)(2).

Because Plaintiff asserts claims not only typical of, but identical to, those of the other members of the proposed class, the typicality requirement is easily satisfied in this case.  Rule 23(a)(3)'s typicality requirement is satisfied if the class representative is a member of the class and possesses the same interests and suffers the same injury as the class members.  East Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977).  The Supreme Court has noted that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge."  General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 157 n.13 (1982).  As discussed above, the claims of Plaintiff and all proposed class members are based on the same legal theories: that Defendant's post-discharge collection attempts violate the FCCPA and the discharge injunction.  All class members seek the same remedy: statutory and punitive damages and sanctions.  While Defendant

contends that it will be difficult to determine from its own records what communications its customers received, this does not preclude class certification.  All of the communications Defendant sent are alleged to be of the same general type as the ones attached to the Complaint and the Motion for Class Certification.  Furthermore, the Court will not allow Defendant to insulate itself from liability through its own record-keeping practices.

The Court must make two inquiries in order to determine adequacy: (1) whether the named plaintiff and counsel "have any conflicts of interest with other class members" and (2) whether the named plaintiff and counsel will "prosecute the action vigorously on behalf of the class[.]"  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).  Defendant argues that Plaintiff has a conflict with the class and is not an adequate class representative.  Without citing any authority, Defendant contends that Plaintiff is taking action adverse to the members of the class because she does not seek actual damages on behalf of the class, instead seeking statutory damages under the FCCPA, punitive damages, and sanctions.  The Courts finds that Plaintiff's interests are neither in conflict with, nor antagonistic to, those of the class.  The interests are actually the same, namely, to obtain a determination that Defendant engaged in an unlawful common course of conduct in sending post-discharge communications relating to mortgages on which the debtor's personal liability had been discharged, and on homes that had been surrendered,

which resulted in damages to the Plaintiff and the class compensable under the FCCPA and § 105(a).

Additionally, the proposed class will be represented by the litigators at Kynes Markman & Felman who have a successful track record in consumer class actions and consumer protection litigation. (Dkt. 39, Ex. 4, Ex. A.)  The lawyers of the Centrone & Shrader law firm also have significant litigation experience, and in particular, extensive experience in litigating statutory consumer claims.  (Id. at Ex. 5, Ex. A.)  Defendant does not appear to question that Plaintiff's counsel will provide fair and adequate representation for the class.  In this Court's view, the fact that Plaintiff obtained such qualified counsel to prosecute her rights and those of the class bolsters the determination that she will fairly and adequately protect the interests of the class.  However, Defendant claims that Plaintiff lacks the requisite personal involvement in this action based on her testimony that she has relied on and would rely on her attorneys for advice and information about the case.  (Dkt. 42, p. 19 (citing Lapointe Depo., pp. 110-11, 117.))  Plaintiff avers that she has in fact been kept informed of the status of this lawsuit, and she understands her responsibilities to the members of the class, including that she will have to act for the benefit of the class and will be required to make decisions on behalf of the class.  (See Declaration of Elissa Diane Lapointe, Dkt. 39, Ex. 6; Dkt. 48-2, Lapointe Deposition, Dkt. 39, Ex. B, pp. 129, 146-47.)  Thus, Plaintiff is an adequate class representative.  Generally, a class representative is inadequate only if she "ha[s] so little

-9-

knowledge of and involvement in the class action that [she] would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077-78 (2d Cir. 1995); accord Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 61 (2d Cir. 2000) (quoting Maywalt).  Such is not the case here.  Plaintiff is more than an adequate class representative.

     Rule 23(b)(3) requires that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" ("predominance"); and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" ("superiority").  The commonality prong "requires that class members share a single common issue" whereas the predominance requirement mandates "that common issues predominate over issues affecting only individuals." In re Warfarin Sodium Antitrust Litig., 212 F.R.D. 231, 247 (D. Del. 2002). Here, the questions of law or fact common to the members of the class, which have been discussed above, predominate over questions affecting only individual members.  More specifically, the claims stem from Defendant sending form communications to class members in factually similar circumstances;  Plaintiff and the class seek to remedy a common legal grievance arising from those common facts and legal theories applicable to each class member are also largely the same; and all class members share an interest in recovering statutory and punitive damages, as well as sanctions.

Rule 23(b)(3) also requires that a class action be the superior method by which to adjudicate the controversy.  "The superiority requirement asks the court 'to balance, in terms of fairness and efficiency, the merits of a class action against those of' alternative available methods of adjudication."  In re The Prudential Ins. Co. Am. Sales Practices Litig., 148 F.3d 283, 316 (3d Cir. 1998) (quoting Georgine v. Anchem Prods., Inc., 83 F.3d 610, 632 (3d Cir. 1996).  The Court must consider four factors in determining Rule 23(b)(3) superiority:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

As Plaintiff asserts, class certification is especially appropriate in cases like the instant one where it would not be economically feasible to file and litigate individual lawsuits to recover damages not likely to exceed a few thousand dollars.  In the absence of class certification, the members of the class would be left without any realistic recourse for their injuries.  See, e.g., Agan v. Katzman & Korr, P.A., 222 F.R.D. 692, 701 (S.D. Fla. 2004) (determining that a "class action is superior method for resolving" statutory consumer claims under federal and Florida law related to the sending of allegedly illegal form letters and claims of lien "because it would be uneconomical to litigate these issues individually").  Indeed, many of the affected consumers are likely unaware of their rights,

thus lessening the likelihood of individual actions.  <u>See</u> <u>Hunt v. Check Recovery Sys.,</u> <u>Inc.</u>, 241 F.R.D. 505, 514 (N.D. Cal. 2007).

The focus of the inquiry into the nature and extent of any existing litigation is on whether there is so much litigation in progress that certifying a class would be unproductive.  <u>Central Wesleyan Coll. v. W.R. Grace & Co.</u>, 143 F.R.D. 628, 640 (D.S.C. 1992).  There appears to have been somewhere around fifteen cases in this District involving similar issues and the court dockets show that all but two of those cases have settled or otherwise been concluded.  (Dkt. 39, Ex. 1, pp. 4-5; Ex. 5, pp. 1-2.)  Therefore, certifying a class action will not interfere with pending litigation.  Nor will the pendency of those cases interfere with the litigation of this case.  Resolving the legal issues presented in this case in a single forum would also be more sensible than having numerous courts resolving the issues repeatedly in separate cases.

Finally, the proposed class will be reasonably sized and consists of residents of the Middle District of Florida.  The class members' identities and contact information should be readily ascertainable from Defendant's records inasmuch as class membership is based on Defendant having contacted the individual within the past few years.  Therefore, no difficulties in the management of this case are anticipated.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Plaintiff's Motion for Class Certification (Dkt. 39) is **GRANTED**.  This case is certified as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of the class defined as follows:

> All individuals who: (1) filed a Chapter 7 or Chapter 13 bankruptcy in the Middle District of Florida, (2) surrendered their home in the bankruptcy proceedings, (3) obtained a discharge, and (4) after they received the discharge, received communications related to the discharged mortgage from or on behalf of Bank of America, N.A., on or after June 15, 2013.

Plaintiff is designated as representative of the Class and Plaintiff's counsel is named Class Counsel.

**DONE AND ORDERED** at Tampa, Florida, on April 26, 2016.


    s/Richard A. Lazzara
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

-13-